(26 Misc. Rep. 549.)

GOLL v. DELESDERNIERS et al.

(Supreme Court, Special Term, New York County.   March, 1899.)

LIBEL—ACTIONABLE WORDS.

It is not libelous, per se, to say of a business man that he has had one or more unsatisfactory fires.

Action by Frederick Goll against John H. Delesderniers and others for libel. On demurrer to the complaint. Sustained.

W. Bennett Marx, for plaintiff.

Michael H. Cardozo and Raymond Reubenstein, for defendants.

RUSSELL, J.   Demurrer to complaint. Are these words, written of a business man, libelous, viz.: "Our home offices have called our attention to the fact that the assured has had one or more unsatisfactory fires"? The ordinary import of the language is not changed by the averment of any extrinsic facts or circumstances which would give it any other than its ordinary significance. Presumably, the readers of the letter would derive the same meaning from the

words used as would ordinary persons, whatever uncertainty was left in the mind as to what was really meant. It will not answer to merely surmise that the writer intended to convey a charge which was libelous, if the mind of the reader would not naturally arrive at such a conclusion. It would be inferred from these words that the fires were unsatisfactory to some one concerned in their occurrence. If that person were the plaintiff, no libel is charged, for the words would import a loss to him. If the want of satisfaction was on the part of the insurance companies, we might easily infer, without recourse to the reflection that all fires are unsatisfactory to insurance companies, where losses are sustained, that those insurance companies were not satisfied with the ratio of premium for the hazard to the loss incurred, the proof of damage, or from doubts arising upon the information furnished as to any violation of the terms of the policy, or carelessness attendant upon the circumstances of the fire. There are so many occasions, naturally possible on the part of the insurance companies, for honest dissatisfaction with the incidents attending the insurance, the fire, and the proofs of loss, that the words used do not, in the absence of a special direction otherwise, import naturally any crime, or such a dishonesty of action on the part of the plaintiff as to make them so derogatory to his character or standing as a business man that they constitute a libel as recognized by law. Demurrer sustained, with leave to amend on payment of costs.

Demurrer sustained.